Sockwell v LaClair (2019 NY Slip Op 02198)





Sockwell v LaClair


2019 NY Slip Op 02198


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

527523

[*1]In the Matter of MARCO SOCKWELL, Petitioner,
v
DARWIN LaCLAIR, as Superintendent of Franklin Correctional Facility, et al., Respondents.

Calendar Date: February 8, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Marco Sockwell, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review (1) a determination of respondent Superintendent of Franklin Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules, and (2) a determination of said respondent denying petitioner's grievance.
Petitioner commenced this CPLR article 78 proceeding challenging a tier II disciplinary determination finding him guilty of violating certain disciplinary rules and the denial of a grievance seeking, among other things, a transfer to another correctional facility based upon his hearing impairment. With regard to the disciplinary determination, the Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the $5 mandatory surcharge was not charged to petitioner's inmate account. Accordingly, this part of the petition is moot. As the record reflects that petitioner was ordered to pay a reduced filing fee of $15 and he has requested reimbursement thereof, we grant petitioner's request for that amount (see Matter of Abdul-Halim v Venettozzi, 164 AD3d 1554, 1555 [2018]). To the extent that petitioner challenges the denial of his grievance,[FN1] the record does not reflect that petitioner exhausted his administrative remedies by awaiting a decision from the Central Office Review Committee. Therefore, that part of the petition challenging the denial of his grievance must be dismissed (see Matter of Green v Kirkpatrick, 165 AD3d 1375, 1376 [2018]).
Lynch, J.P., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ADJUDGED that the part of the petition challenging the prison disciplinary determination is dismissed, as moot, without costs, but with disbursements in the amount of $15.
ADJUDGED that the part of the petition challenging the denial of the grievance is dismissed, without costs, for failure to exhaust administrative remedies.



Footnotes

Footnote 1: Supreme Court improperly transferred that part of the proceeding seeking review of the determination denying petitioner's grievance, but we retain jurisdiction in the interest of judicial economy (see Matter of Green v Kirkpatrick, 165 AD3d 1375, 1376 n [2018]).